IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 15-cv-1841-WJM-MJW

CIT BANK, N.A., a national bank,

    Plaintiff,

v.

JAMES R. TURNER,
SUSAN MASON, a/k/a Susan Turner, and
NORTHERN COLORADO WATER CONSERVANCY DISTRICT,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE

Before the Court is Plaintiff CIT Bank's Unopposed Motion for Entry of Default Judgment Against Defendant Northern Colorado Water Conservancy District ("Default Judgment Motion"). (ECF No. 56.) For the reasons explained below, the Court denies this motion without prejudice to appropriate relief at a later stage of the case. The Court will also order the parties to file a status report regarding the scope of the upcoming bench trial.

### I. BACKGROUND & PROCEDURAL HISTORY

In this action, CIT Bank accuses Defendant James Turner of obtaining a mortgage loan secured by certain Boulder County real property, while intentionally failing to disclose to the lender that he had illegally subdivided the property, rendering it "unbuildable." (*See generally* ECF No. 1.) Turner has also failed to make payments under the Promissory Note ("Note") enforcing the terms of the loan. CIT Bank claims to

be the current holder of the Note, and has brought causes of action for reformation of the deed of trust, foreclosure, and breach of the Note.

Although CIT Bank's primary focus is Turner's liability, CIT Bank also named various governmental entities as Defendants because those Defendants may also have an interest in Turner's property. Save for the Northern Colorado Water Conservancy District ("Conservancy District"), CIT Bank has since stipulated to dismiss all of those additional entities. (*See* ECF Nos. 24, 25, 26, 34, 38.)

Regarding the Conservancy District, CIT Bank's complaint says little. The complaint notes that the Conservancy District is a Colorado public agency. (ECF No. 1 ¶ 7.) Aside from that, the only other mention of the Conservancy District is in CIT Bank's third cause of action, which seeks a decree of foreclosure in the alternative to CIT Bank's primary claim for reformation of the Note so that it encumbers all of the subdivided parcel. (*Id.* ¶¶ 94–103.) In this context, CIT Bank alleges that the Conservancy District "may claim an interest" in the property on account of certain instruments found in Boulder County real property records. (*Id.* ¶ 100.) In other words, it appears that the Conservancy District was named as a Defendant to ensure that the Court could "accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A).

CIT Bank served process on the Conservancy District on September 3, 2015, making the Conservancy District's answer due on September 24, 2015. (*See* ECF No. 18.) The Conservancy District never filed an answer or other responsive pleading and has never otherwise appeared in this case. The Clerk of Court entered default against the Conservancy District on November 3, 2015. (ECF No. 45.)

CIT Bank subsequently filed the Default Judgment Motion at issue here. (ECF No. 56.) CIT Bank does not request default judgment on any specific cause of action, but instead proposes a default judgment finding that the Conservancy District has an interest in the relevant property that would be superior to any interest CIT Bank might acquire, and therefore, "in the event that CIT [Bank] or its designee obtains an interest (the 'CIT Interest') in the Original Property, or any portion thereof, pursuant to any order, judgment, or decree entered in this action, or otherwise by foreclosure, CIT [Bank] or its designee shall take the CIT Interest subject to the Conservancy District Interest." (ECF No. 56-2 at 2–3.)

## II. ANALYSIS

CIT Bank submits a highly unusual request for default judgment, given that it asks the Court to declare CIT Bank's potential interest to be *subordinate* to the Conservancy District's interest. This is not normally something that would require a judgment, much less a default judgment. A request for the latter normally seeks relief *against* a party up to the limit of the relief sought in the complaint. See Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed an amount, what is demanded in the pleadings."). Here, CIT Bank's complaint does not demand any particular relief against the Conservancy District.

If CIT Bank wishes to establish the Conservancy District's superior position, CIT Bank could simply acknowledge its own subordinate position and conduct its affairs accordingly. If CIT Bank wanted something more formal, it could state its position on the record—as it has effectively done now—and voluntarily dismiss the Conservancy District under Federal Rule of Civil Procedure 41(a)(1)(A)(i) or (ii).

In any event, the Court finds that it should not at this time enter anything in the form of a judgment regarding the Conservancy District. As noted, CIT Bank does not seek judgment on any particular cause of action. It instead requests a contingent declaration of rights—contingent, it seems, on whether it eventually prevails on its alternative cause of action for a decree of foreclosure. (*See* ECF No. 1 ¶¶ 94–103.) Indeed, it is doubly contingent given that it turns both on whether CIT Bank elects to pursue the foreclosure remedy and whether it is entitled to that remedy. In that light, any declaration of rights relative to foreclosure would be an advisory opinion, which the Court may not issue. *See United States v. Burlington N. R.R. Co.*, 200 F.3d 679, 699 (10th Cir. 1999) ("It is fundamental that federal courts do not render advisory opinions and that they are limited to deciding issues in actual cases and controversies." (internal quotation marks omitted)). The Default Judgment Motion will be denied without prejudice to seeking appropriate relief at a later stage in this case.

## III.  NEED FOR A STATUS REPORT

On June 23, 2016, the Court granted CIT Bank's motion for partial summary judgment on its claim for breach of the Note. (*See* ECF No. 58.) This matter remains set, however, for a bench trial to begin January 4, 2017. The Court presumes that CIT Bank still wishes to pursue its claims for reformation and/or foreclosure. It would nonetheless be helpful to receive from the parties a joint status report briefly explaining their respective claims and defenses that remain for trial, and briefly describing the major factual issues the Court will be asked to resolve with respect to those claims and defenses. The Court's formal order, below, therefore requests such a status report.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Unopposed Motion for Entry of Default Judgment Against Defendant Northern Colorado Water Conservancy District (ECF No. 56) is DENIED WITHOUT PREJUDICE as premature; and

2. On or before **December 2, 2016**, CIT Bank shall file—on behalf of itself, James Turner, and Susan Mason—a joint status report briefly explaining the parties' respective claims and defenses that remain for trial, and briefly describing the major factual issues the Court will be asked to resolve with respect to those claims and defenses.  To the greatest extent possible, the Court encourages the parties to agree upon the language of the joint status report, but the joint status report may contain the parties' separate statements on any matter where no agreement could be reached.

Dated this 18th day of November, 2016.

BY THE COURT:

_____
William J. Martínez
United States District Judge